IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOSSIE BENNETT,

    Petitioner,

vs.

THOMAS L. CAREY, Warden,

    Respondent.

No. CIV S-06-0635 MCE DAD P

FINDINGS AND RECOMMENDATIONS

/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 24, 2008, the undersigned ordered respondent to file and serve a response to the petition. On December 23, 2008, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

    In his petition, petitioner claims that the Board of Parole Hearings (Board) continues to deny him one-third and one-half time credits by using an allegedly illegal "life prisoner" scheme in violation of his constitutional rights under the Fourteenth Amendment Due Process Clause. Petitioner also takes issue with the Solano County Superior Court's denial of his

1

petition for writ of habeas corpus challenging the Board's actions. According to petitioner, the Superior Court's "pro forma decision" is a clear denial of his constitutional rights under the Fourteenth Amendment Due Process Clause and Equal Protection Clause. (Pet. Attach.)

On May 25, 2003, petitioner filed an administrative grievance at his institution challenging the Board's alleged improper denial of his time credits. Prison officials denied the grievance at the first and second formal levels of review. Petitioner then filed two separate grievances at the director's level of review, but prison officials returned them to him explaining that they were untimely. (Resp't's Mot. to Dismiss, Ex. 1.)

On February 3, 2004, petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court. On March 12, 2004, the Superior Court denied the petition. On October 5, 2005, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court and on November 29, 2005, that court denied the petition, concluding that petitioner's "attempt to resurrect a claim" that the Los Angeles County Superior Court had previously denied constituted an abuse of the writ. On December 8, 2005, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the First Appellate District. On January 30, 2006, the Court of Appeal summarily denied the petition. Finally, on February 3, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On March 15, 2006, the California Supreme Court summarily denied the petition. (Resp't's Mot. to Dismiss, Exs. 1-8.) On March 23, 2006, petitioner commenced this action by filing a federal petition for writ of habeas corpus.

**RESPONDENT'S MOTION TO DISMISS**

Respondent argues that petitioner's federal habeas petition is time-barred. Specifically, respondent contends that on May 25, 2003, petitioner filed an administrative grievance at his prison claiming that he was entitled to be released because he is not a "life prisoner." Prison officials denied his grievance at the first and second formal levels of review. Petitioner then filed two separate grievances at the director's level of review, but prison officials

returned both of them to him explaining that they were untimely.  Under these circumstances, respondent argues that AEDPA's one-year statute of limitations period began to run on August 28, 2003, the day prison officials denied petitioner's administrative grievance at the second formal level of review.  According to respondent, by August 28, 2003, petitioner should have been aware of the factual predicate of his present claims.  Respondent argues that although petitioner subsequently filed two grievances at the director's level of review, prison officials screened out these grievances because petitioner did not properly utilize the appeals process. Respondent contends that petitioner should not be given the benefit of these delayed attempts to seek relief at the director's level of review.   (Resp't's Mot. to Dismiss at 2-5.)

Respondent acknowledges that the proper filing of a state post-conviction application with respect to the pertinent claims tolls the one-year statute of limitations period.  Respondent does not dispute that petitioner is entitled to statutory tolling for the period that his petition for writ of habeas corpus was pending in the Los Angeles County Superior Court.  However, respondent argues that petitioner is not entitled to tolling for the period in between the Los Angeles County Superior Court's denial of his petition on March 12, 2004, and the filing of his petition for writ of habeas corpus in the Solano County Superior Court on October 5, 2005.  Respondent contends that interval tolling is not available where, as here, petitioner did not file his next petition in a higher court at the next level of the state court system.  Respondent argues that absent tolling during this interval the statute of limitations expired.  Although petitioner subsequently filed a state habeas petition with the California Court of Appeal and the California Supreme Court, respondent contends the filing of a petition after the expiration of the statute of limitations cannot serve as a basis for statutory tolling.  Accordingly, respondent concludes that petitioner's federal habeas petition is untimely. (Resp't's Mot. to Dismiss at 5-6.)

### PETITIONER'S OPPOSITION

In opposition to respondent's motion to dismiss, petitioner argues that the facts set forth in his petition are undisputed and establish a denial of petitioner's constitutional rights to

3

earn credits. Petitioner contends that he did all that he could do to bring factually meritorious claims to the state courts for review and relief. Petitioner also argues that his petition is not untimely. He notes that the California Supreme Court denied his last state habeas petition on March 15, 2006, and he filed his federal petition on March 27, 2006, well within one year of the California Supreme Court's denial. Petitioner concludes that he is entitled to habeas corpus relief and that this court should enter judgment in his favor. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 6-13.)

**RESPONDENT'S REPLY**

In reply, respondent reiterates that petitioner's federal habeas petition is time-barred. Specifically, respondent repeats that after the Los Angeles County Superior Court denied his state habeas petition, petitioner did not seek review at the next appellate level. Instead, he filed a petition in the Solano County Superior Court. In respondent's view, petitioner is not entitled to interval tolling for the period between the Los Angeles County Superior Court's denial of his petition and the filing of his petition in the Solano County Superior Court because he failed to seek review at the next level of the state court system. Moreover, because petitioner has not alleged a basis for equitable tolling, respondent concludes that petitioner's federal habeas petition is untimely. (Resp't's Reply at 2-3.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D) & (d)(2)

The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. See Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

/////

Assuming for the sake of argument that petitioner has stated a cognizable claim for federal habeas relief, he discovered the factual predicate of his claims no later than February 3, 2004, when he filed his petition for writ of habeas corpus in the Los Angeles County Superior Court. See 28 U.S.C. § 2244(d)(1)(D). For purposes of federal habeas relief, the statute of limitations began to run no later than February 4, 2004, and expired one year later on February 3, 2005, absent tolling. See Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same). Petitioner filed his original federal habeas petition in this court on March 23, 2006. Accordingly, the petition is untimely by more than a year unless petitioner is entitled to statutory tolling.

"The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

Here, the court finds that petitioner is entitled to statutory tolling from February 3, 2004, the date petitioner filed his first state habeas petition in the Los Angeles County Superior Court, to March 12, 2004, the date that court denied the petition. However, petitioner is not entitled statutory tolling for the more than eighteen months that elapsed between the Los Angeles County Superior Court's denial of his petition, and the filing of his petition in the Solano County Superior Court on October 5, 2005. As respondent observes, after the Los Angeles Superior Court denied his petition, petitioner did not file his next state petition in a higher court. Petitioner is only entitled to interval tolling if he proceeds from a lower court to a higher court. See Carey, 536 U.S. at 223 ("We find that California's system functions in ways sufficiently like other state systems of collateral review to bring intervals between a lower court decision and a filing of a new petition in a higher court within the scope of the statutory word 'pending.'");

Delhomme v. Ramirez, 340 F.3d 817, 820-21 (9th Cir. 2003) (filing of a new habeas petition at the same or lower level triggers a separate round of collateral review); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) ("an application for post conviction relief is pending during the 'intervals between a *lower* court decision and a filing of a new petition in a *higher* court.'"); see also Torres Mendoza-Powers, No. 07-1259 BEN (WMC), 2008 WL 2225685 at *7 (S.D. Cal. May 28, 2008) ("the statute of limitations is not tolled during the interval between successive habeas petitions filed at the same state court level"); Leveen v. Clark, No. F-07-1648 SMS HC, 2008 WL 1776511 at *4 (E.D. Cal. Apr. 18, 2008) (the interval between two petitions for writ of habeas corpus filed with the California Supreme Court is not tolled because petitioner was not proceeding to the next appellate level).

Without tolling during this eighteen-month interval, the AEDPA statute of limitations period expired. Although petitioner subsequently filed a petition for writ of habeas corpus in the California Court of Appeal and the California Supreme Court, it is well established that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, by the time petitioner filed his federal petition, more than one year had run on the statute of limitations, rendering petitioner's federal habeas petition time-barred. Under these circumstances, respondent's motion to dismiss should be granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice.

## CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. Respondent's December 23, 2008 motion to dismiss (Doc. No. 10) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
benn0635.157